UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENYA LARON PROCTOR,

      Plaintiff,

v.                                    Case No. 3:15-cv-642-J-39PDB

R. S. SALISBURY, et al.,

      Defendants.

_____

**<u>ORDER</u>**

**I. Status**

    Plaintiff Kenya Laron Proctor, an inmate of the Florida penal system, is proceeding in this action on a pro se civil rights Complaint (Complaint) (Doc. 1) filed pursuant to 42 U.S.C. § 1983.[1] The Court will construe the pro se Complaint liberally, as it must.[2] Plaintiff alleges that Defendant Davis violated his civil rights at Columbia Correctional Institution (CCI).  Plaintiff brings two claims against Defendant Davis in his individual capacity: (1) a retaliation claim, and (2) an excessive use of force claim.  Complaint at 2-7.  As relief, Plaintiff seeks

---

[1] Plaintiff is proceeding on his verified Complaint (Doc. 1). <u>See</u> <u>Stallworth v. Tyson</u>, 578 F. App'x 948, 950 (11th Cir. 2014) (per curiam) (citations omitted) ("The factual assertions that [Plaintiff] made in his amended complaint should have been given the same weight as an affidavit, because [Plaintiff] verified his complaint with an unsworn written declaration, made under penalty of perjury, and his complaint meets Rule 56's requirements for affidavits and sworn declarations.").

[2] With regard to the documents filed with the Court, the Court will reference the page numbers assigned by the electronic docketing system.

compensatory and punitive damages, declaratory and injunctive relief, and costs and any other relief to which he may be entitled. Id. at 7-8.

Defendant Davis filed a Motion for Summary Judgment (Defendant's Motion) (Doc. 34). Plaintiff was advised of the provisions of Federal Rule of Civil Procedure 56, notified that the granting of a motion to dismiss or a motion for summary judgment would represent a final adjudication of this case which may foreclose subsequent litigation on the matter, and given an opportunity to respond. See Summary Judgment Notice (Doc. 35) & Order (Doc. 7). Plaintiff responded. See Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment (Response) (Doc. 40). Plaintiff also file a Second Amended Motion for Summary Judgment (Plaintiff's Motion) (Doc. 42).

## II.  Complaint

In the Complaint, Plaintiff alleges the following relevant facts. On October 17, 2013, during master roster count, Davis entered Plaintiff's cell and told him: "You wrote up the wrong mother fucker: Cuff up fuck boy because I'm going to beat your ass." Id. at 5. Plaintiff submitted to being handcuffed and Davis notified the shift supervisor. Id. Davis and another officer escorted Plaintiff to medical. Id. On the way, Davis told Plaintiff to take his beating and macing like a man, do his

disciplinary time,[3] and never write up another officer at CCI or be killed.  Id.

Upon entering the medical department, once the door was closed, Davis kicked Plaintiff in the side, causing him to fall on the floor.  Id. at 6.  Both officers attacked Plaintiff, repeatedly punching him in the back and the side of the head.  Id.  While Plaintiff was on the floor, handcuffed behind his back, both officers jointly attacked him, punching him on the side and the back of his head until he was rendered unconscious.  Id. at 7. Plaintiff woke up when Davis sprayed chemical agents in Plaintiff's eyes, nose, and mouth, causing him to ingest the chemicals.  Id. at 6, 7.  Davis beat Plaintiff because he had written a grievance against officer Salisbury for using racial slurs and other racist statements against him.  Id.

### III. Summary Judgment Standard

The Eleventh Circuit set forth the summary judgment standard.

> Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The substantive law controls which facts are material and which are irrelevant.  Raney v. Vinson Guard Service, Inc., 120 F.3d 1192,

_____

[3] On October 17, 2013, Defendant Davis wrote Plaintiff up for being disrespectful to officials during master count.  Plaintiff's Exhibit A (Doc. 23-1 at 2).  Davis wrote that when he asked Plaintiff to put his magazine down and show his identification during count, Plaintiff responded: "[c]ome on my nigga [sic] this shit ain't that serious.  It ain't like you don't know who I am[.]" Id.

1196 (11th Cir. 1997). Typically, the nonmoving party may not rest upon only the allegations of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). A pro se plaintiff's complaint, however, if verified under 28 U.S.C. § 1746, is equivalent to an affidavit, and thus may be viewed as evidence. See Murrell v. Bennett, 615 F.2d 306, 310 n.5 (5th Cir. 1980). Nevertheless, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge." Fed. R. Civ. P. 56(c)(4). "[A]ffidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment." Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005).

As we've emphasized, "[w]hen the moving party has carried its burden under Rule 56[], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unsupported, conclusory allegations that a plaintiff suffered a constitutionally cognizant injury are insufficient to withstand a motion for summary judgment. See Bennett v. Parker, 898 F.2d 1530, 1532-34 (11th Cir. 1990) (discounting inmate's claim as a conclusory allegation of serious injury that was unsupported by any physical evidence, medical records, or the corroborating testimony of witnesses). Moreover, "[w]hen opposing parties tell two

> different stories, one of which is blatantly
> contradicted by the record, so that no
> reasonable jury could believe it, a court
> should not adopt that version of the facts for
> purposes of ruling on a motion for summary
> judgment." <u>Scott v. Harris</u>, 550 U.S. 372,
> 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

<u>Howard v. Memnon</u>, 572 F. App'x 692, 694-95 (11th Cir. 2014) (per

curiam) (footnote omitted).

Of import, at the summary judgment stage, the Court assumes

all the facts in the light most favorable to the non-moving party,

in this instance, the Plaintiff, and draws all inferences in the

Plaintiff's favor.  <u>McKinney v. Sheriff</u>, 520 F. App'x 903, 905

(11th Cir. 2013) (per curiam).  "Summary Judgment is appropriate

only when, under the plaintiff's version of the facts, 'there is no

genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law.'" <u>Felio v. Hyatt</u>, 639 F. App'x 604,

606 (11th Cir. 2016) (per curiam) (citation omitted).  Therefore,

summary judgment would properly be entered in favor of the

Defendant where no genuine issue of material fact exists as to

whether Plaintiff's constitutional rights were violated.

## IV. Defendant's Motion

Defendant Davis contends that he is entitled to summary

judgment with regard to Plaintiff's retaliation claim and his claim

for damages.  Defendant's Motion at 1.  He submits that Plaintiff

has not satisfied the physical injury requirement and is barred

from recovering compensatory or punitive damages pursuant to 42
U.S.C. 1997e(e).  <u>Id</u>. at 6-9.

## V.  Plaintiff's Response

Plaintiff, in his Response, urges this Court to find that
there remain genuine issues of material fact in dispute.  Response.
He attaches his Declaration (Exhibit One) in support of his
Response.

## VI.  Plaintiff's Motion

Plaintiff seeks summary judgment on his claim of excessive
force, relying on his verified Complaint.  Plaintiff's Motion at 5-
7.  He also seeks summary judgment on his retaliation claim.  <u>Id</u>.
at 6.

## VII.  Retaliation

With respect to a claim of a First Amendment violation in a
prison setting, the rights to free speech and to petition the
government for a redress of grievances are violated when a prisoner
is punished for filing a grievance or a lawsuit concerning the
conditions of his imprisonment.  <u>Moulds v. Bullard</u>, 345 F. App'x
387, 393 (11th Cir. 2009) (per curiam) (citation omitted); <u>Douglas
v. Yates</u>, 535 F.3d 1316, 1321 (11th Cir. 2008); <u>see</u> <u>also</u> <u>Bennett v.
Hendrix</u>, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005) (adopting the
standard that "[a] plaintiff suffers adverse action if the
defendant's allegedly retaliatory conduct would likely deter a
person of ordinary firmness from the exercise of First Amendment

6

rights"), <u>cert</u>. <u>denied</u>, 549 U.S. 809 (2006).  Simply put, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances.  <u>Wright v. Newsome</u>, 795 F.2d 964, 968 (11th Cir. 1986) (per curiam).

"The core of [a retaliation claim brought pursuant to 42 U.S.C. § 1983] is that the prisoner is being retaliated against for exercising his right to free speech." <u>O'Bryant v. Finch</u>, 637 F.3d 1207, 1212 (11th Cir. 2011) (per curiam) (citation omitted), <u>cert</u>. <u>denied</u>, 133 S.Ct. 445 (2012).  Also of import, three elements are involved in a retaliation claim:

> [T]he inmate must establish that: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech [the grievance]."

<u>Id</u>. (first alteration added, remainder in original)(footnote omitted) (quoting <u>Smith v. Mosley</u>, 532 F.3d 1270, 1276 (11th Cir. 2008)).

In order to establish the third prong, a plaintiff is required to do more than make "general attacks" upon a defendant's motivations and must articulate "affirmative evidence" of retaliation to prove the requisite motive.  <u>Crawford-El v. Britton</u>, 523 U.S. 574, 600 (1998) (citations omitted).  "In other words, the prisoner must show that, as a subjective matter, a motivation for

the defendant's adverse action was the prisoner's grievance or lawsuit." Jemison v. Wise, 386 F. App'x 961, 965 (11th Cir. 2010) (per curiam) (citation omitted) (finding the district court erred by dismissing a complaint alleging retaliation with prejudice, "regardless of whether the retaliation claim ultimately [would] ha[ve] merit").

To establish subjective intent, a prisoner must provide more than conclusory assertions, possibly through a chronology of events that can be used to infer retaliatory intent. Williams v. Brown, 347 F. App'x 429, 435 (11th Cir. 2009) (per curiam) (finding conclusory allegations insufficient but officer's temporal reaction to a grievance and circumstantial evidence sufficient to state a claim). However, because jailers actions are presumed reasonable, an inmate must produce evidence to support "specific, nonconclusory factual allegations that establish improper motive causing cognizable injury." Crawford-El, 523 U.S. at 598.

Finally, where a plaintiff makes a prima facie showing that constitutionally protected conduct was a substantial or motivating factor in a defendant's decision to take an adverse action against the plaintiff, summary judgment in favor of the defendant is still appropriate if the defendant can demonstrate that he would have taken the same action even without such impetus. Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977); Crawford-El, 523 U.S. at 593; Mosley, 532 F.3d at 1278.

Defendant Davis addresses the retaliation claim in his Motion. Defendant's Motion at 4-6. Apparently, he does not dispute that Plaintiff's administrative grievances constitute protected action, leaving only the second and third elements, whether his actions would likely deter a person of ordinary firmness from engaging in such speech and whether there is a causal relationship between the retaliatory action [the use of force and threats of future harm] and the protected speech [the grievance]. The Court finds that the second prong has been met because uses of force and threats of future harm would likely deter a person of ordinary firmness from filing grievances. O'Bryant, 637 F.3d at 1209.

With regard to the third prong, Plaintiff must present affirmative "evidence of retaliatory animus" on the part of Defendant Davis. Id. at 1219. Defendant Davis states the following in his Declaration:

> The allegations of excessive force and retaliation are categorically false. Prior to October 17, 2013, when Proctor's behavior necessitated the use of chemical agents, I had no knowledge of any grievances filed by Proctor. I have never mentioned grievances to Mr. Proctor and I definitely have not threatened Proctor because of grievances he filed. In fact, the first time I heard of the grievances filed by Plaintiff were when I was served a copy of his complaint and reviewed his allegations.
>
> The only force used on Proctor was an application of chemical agents, which was necessary to defend myself from Plaintiff's assaultive behavior and to get him to comply with my commands. Once the threat posed by

>           Proctor ceased, no further force was used.
>           Any allegation that I punched, kicked,
>           elbowed, kneed, choked, or used any force
>           aside from chemical agents is a lie.

Defendant's Exhibit, Declaration of Sergeant Robert Davis (Doc. 34-6 at 1) (enumeration omitted).

Defendant Davis contends, by reference to his sworn Declaration, that there are no genuine issues of material fact that should be decided at trial with respect to this claim. He states that he had no knowledge of any grievances filed by Plaintiff, he never mentioned grievances to Plaintiff, he never threatened Plaintiff because of grievances he filed, and most importantly, that the first time he became aware of the grievances filed by Plaintiff was when he was served with a copy of the Complaint and reviewed Plaintiff's allegations.

Plaintiff, however, has created an issue of fact to support the third prong, which requires a showing of a causal connection between the Plaintiff's protected speech and the Defendant's actions. Jemison v. Wise, 386 F. App'x at 964-65 (citation omitted). Plaintiff must show that, "as a subjective matter, a motivation for the defendant's adverse action was the prisoner's grievance or lawsuit." Id. at 965 (citation omitted).

In his Response, Plaintiff states that the record demonstrates that he did file a grievance concerning a staff member using racist remarks, and this particular staff member wrote Plaintiff a disciplinary report on September 3, 2013. Response at 1. See

10

Defendant's Exhibit, Plaintiff's Request for Administrative Remedy or Appeal, dated September 5, 2013 (Doc. 34-4 at 1).   The Mins Incident Report concerning the allegation of improper staff conduct references the complainant as Kenya L. Proctor, and the subject as Randy S. Salisbury.   Defendant's Exhibit, Mins Incident Report Dated September 12, 2013 (Doc. 34-5 at 1).   The Description of the Incident is provided:

> Officer Linda Uphaus reports that on 9/12/13 at approximately 1000 hrs, she observed that inmate Proctor submitted formal grievance 1309-201-041.    Within   the   grievance   he indicated that on 9/3/13 he tried to check in but the staff member called him a pussy ass nigga [sic] and told him that he needed to be killed, and then wrote him a DR.    Records indicate that Sgt. R. Salisbury wrote him a DR on 9/3/13.

Id.   This matter was referred to the Office of the Inspector General by Linda Uphaus.   Defendant's Exhibit, Response, dated September 13, 2013 (Doc. 34-4 at 2).   The action taken is recorded as "RM security issue lack of evidence no IG inv issue-OMC/FC." (Doc. 34-5 at 1).

Plaintiff contends that as a result of the filing of his grievance, that the subject matter of the grievance must have been communicated to Salisbury "on or after September 12, 2013." Response at 2.   Plaintiff's grievance is dated September 5, 2013, and the report concerning the matter is dated September 12, 2013. The referral to the Inspector General is dated September 13, 2013, and stamped September 16, 2013.

11

Plaintiff's confrontation with Defendant Davis occurred on October 17, 2013. Plaintiff alleges in his verified Complaint that when Davis entered his cell during master count he said: "You wrote up the wrong mother fucker," and "never write up another officer at Columbia C.I." Complaint at 5. Thus, within weeks of Plaintiff filing a grievance, Davis is heard to reference a grievance having been filed by Plaintiff coupled with a threat to never file another grievance against another officer. This is sufficient personal knowledge and circumstantial evidence to offset, as least for summary judgment purposes, that Plaintiff is merely speculating that Davis had knowledge.[4]

Plaintiff has adequately supported his claim that Davis, motivated by retaliatory animus, decided to retaliate against Plaintiff for writing a grievance against Salisbury, a fellow employee of Davis. Indeed, sufficient competent evidence exists to support Plaintiff's version of the facts regarding the claim that

---

[4] In his Declaration (Doc. 40-1 at 1), Plaintiff states that he wrote a different grievance specifically naming Salisbury in that grievance. Plaintiff avers that he lost control over the grievance once he submitted it in the mail. Id. The Declaration of Gail Evans states that there are no grievances in the records of the Florida Department of Corrections written by Plaintiff regarding an Officer Salisbury, filed prior to October 17, 2013,. (Doc. 34-2). As such, a grievance naming Salisbury was not processed by the Department and reviewed by the administrative officials. In short, if written and mailed, it was never received and processed. Of course, there is a record of the September 5, 2013 grievance, with Salisbury as the subject, and that grievance was reviewed and processed, providing sufficient affirmative evidence of the requisite motive for the retaliatory actions.

Defendant Davis used force in retaliation for Plaintiff filing a grievance against Salisbury.   There is sufficient basis in the record for this factual issue to be considered genuine.

In sum, Plaintiff has alleged specific facts and provided documents demonstrating that, as a subjective matter, a motivation for the use of force by Davis was Plaintiff's filing a grievance against Salisbury.   Accordingly, Defendant's Motion is due to be denied with regard to the retaliation claim, and Plaintiff's Motion is due to be denied.

## VIII.   Compensatory and Punitive Damages

Defendant Davis, in his Motion, contends that Plaintiff cannot recover compensatory or punitive damages in the absence of physical injury.   Defendant's Motion at 6-9.   Davis asserts that Plaintiff is barred from recovering compensatory or punitive damages under 42 U.S.C. 1997e(e).   Id. at 8.

Upon review, Plaintiff claims physical injury.   In his verified Complaint, Plaintiff alleges that Defendant Davis kicked him in the side of his body, and then punched him on the side and back of his head, rendering him unconscious.   Complaint at 6-7. Plaintiff states that after being beaten and rendered unconscious, he woke up when Davis sprayed chemical agents into his nose, eyes and mouth.   Id.   In his Declaration (Doc. 40-1 at 2), Plaintiff states that he complained to medical staff of injuries to his head, back, and ribs.   Plaintiff avers that he told the medical staff the

13

back of his head was swollen, but the staff refused to document his injuries.  Id.  The Emergency Room Record, dated October 17, 2013, references that Plaintiff complained of pain to his "lower ribs bilateral."  (Doc. 34-8 at 1).   It also mentions a chemical restraint use of force.  Id.  No treatment was provided.  Id. Slight edema was noted on both eyelids, and Plaintiff's eyes were found to be teary and red.  Id. at 2.

In his Deposition, Plaintiff attests that the medical staff did not document his injuries.  (Doc. 34-7 at 6).   Plaintiff explained:  "I told them my back.  And at the time, I had swelling here and here (indicating).   And, you know, when you've been punched repeatedly, you have swelling."  Id. at 7.  Plaintiff said the back pain lasted for several weeks and the throat irritation and the headaches lasted about three weeks.  Id. at 5-6.

Defendant contends that Plaintiff has not suffered an injury sufficient to withstand 42 U.S.C. § 1997e(e) with respect to Plaintiff's claim for compensatory or punitive damages. Defendant's Motion at 4-9.  In Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004), the Eleventh Circuit addressed the requirements of 1997e(e):

> Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  This statute is intended to reduce the number of frivolous cases filed by

> imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints.  <u>See</u> <u>Harris v. Garner</u>, 216 F.3d 970, 976-79 (11th Cir. 2000) (en banc) (surveying the legislative history of the PLRA).  An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court, allowing the prisoner to bring his claim once released and, presumably, once the litigation cost-benefit balance is restored to normal.  <u>Id</u>. at 980.
>
> Tracking the language of the statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody.  In <u>Harris</u>, we decided that the phrase "Federal civil action" means all federal claims, including constitutional claims.  216 F.3d at 984-85.

Here, Plaintiff claims actual physical injury.  The extent of Plaintiff's physical injuries is certainly in dispute.  The record shows that Plaintiff suffered some injuries.  His eyelids were swollen and his eyes were red and teary.  He complained of pain to his lower ribs bilateral.  Of import, Plaintiff alleges that the medical staff failed to record all of his injuries.  Specifically, Plaintiff states they failed to record the swelling of his head and back and record the injuries to his head, back, and ribs.  Based on the record before the Court, the Court concludes that Plaintiff's compensatory and punitive damages claims for physical injury are not barred by § 1997e(e).

The standard in an excessive use of force case is as follows:

> [O]ur core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). In determining whether force was applied maliciously and sadistically, we look to five factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates[, as reasonably perceived by the responsible officials on the basis of facts known to them]..." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations omitted).[5] However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson, 112 S.Ct. at 1000 (quotations omitted).

McKinney v. Sheriff, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam).

Based on the record, the Court is not inclined to bar Plaintiff's claim for compensatory and punitive damages or limit his recovery to nominal damages with regard to his claim of excessive force. It will be up to a jury to determine whether the physical injuries were more than de minimis. Defendant's Motion is due to be denied with respect to the physical injury question.

---

[5] See Whitley v. Albers, 475 U.S. 312, 321 (1986).

Also, Plaintiff's Motion is due to be denied with respect to the excessive force claim.   There is a genuine dispute as to material facts and the parties are not entitled to summary judgment as a matter of law on the excessive force claim and the question of damages.   The excessive force claim and the extent of Plaintiff's injuries are factual matters to be addressed by a jury and the parties motions are due to be denied.

Therefore, it is now

**ORDERED:**

1.   Defendant's Motion for Summary Judgment (Doc. 34) is **DENIED**.

2.   Plaintiff's Second Amended Motion for Summary Judgment (Doc. 42) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of October, 2016.

BRIAN J. DAVIS
United States District Judge

sa 10/24
c:
Kenya Laron Proctor
Counsel of Record

17